IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PHYLLIS WATSON                                                                                          PLAINTIFF

v.                                            No. 4:08CV000809 JLH

USABLE LIFE                                                                                              DEFENDANT

**OPINION AND ORDER**

Phyllis Watson commenced this action against USAble Life alleging that USAble had wrongfully terminated her ERISA disability benefits. Watson became disabled in 1994 as a result of a closed head injury and received ERISA disability benefits until October 30, 2007. In October 2007, USAble scheduled an independent medical examination to determine whether Watson remained disabled, which it had the right to do under the terms of the policy. Watson appeared for the examination but left before it began when she was told that her husband could not sit in the exam with her. After receiving notice that benefits were being terminated, Watson's attorney filed a timely letter of appeal on November 7, 2007. USAble stated it would take up to forty-five days to make a decision. On February 5, 2008, Watson's attorney wrote stating it had been eighty-two days and USAble had yet to make a decision. On March 20, 2008, USAble replied and stated that it was still searching for a physician who would perform the examination with Watson's husband present. No action had been taken on the appeal when, on July 22, 2008, Watson commenced this action.

In a December 1, 2008 order, the Court remanded the case to USAble so that an independent medical examination could be conducted and USAble could rule on Watson's appeal. In the order, the Court recognized that the parties were asking it to make a *de novo* review of the administrative record, but stated that "the administrative record d[id] not contain information for the Court to determine whether Watson continues to be disabled." The order went on to state:

> On the one hand, USAble had the right under the terms of the policy to require Watson to undergo an independent medical examination, but she refused to permit the examination. On the other hand, Watson filed a timely appeal, but USAble did not render a timely decision on the appeal.

After entry of the order to remand, Watson moved for her attorney's fees on December 15, 2008. On March 4, 2009, Watson filed a motion for a final order on her attorney's fees, stating that USAble had reversed its decision and reinstated Watson's benefits. USAble agrees that Watson's benefits have been reinstated because, on remand, an independent medical examination showed that she is still disabled, but USAble disagrees with the characterization of this as a reversal of its earlier decision inasmuch as the earlier decision was based on Watson's failure to cooperate.

Under ERISA's fee-shifting provision, the district court has discretion to award attorney fees to either party. 29 U.S.C. § 1132(g); *Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d 966, 969 (8th Cir. 2002). The district court abuses its discretion if there is a lack of factual support for its decision or if it fails to follow applicable law. *Martin*, 299 F.3d at 969 (citing *Richards v. Aramark Services, Inc.*, 108 F.3d 925, 927 (8th Cir. 2007)). The Eighth Circuit has emphasized the role of ERISA's remedial nature in determining whether to award attorney's fees:

> ERISA is a remedial legislation which should be liberally construed to effectuate Congressional intent to protect employee participants in employee benefit plans. A district court considering a motion for attorney's fees under ERISA should therefore apply its discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts.

*Welsh v. Burlington N., Inc., Employee Benefits Plan*, 54 F.3d 1331, 1341 (8th Cir. 1995) (citations, internal quotations, ellipsis, and brackets omitted). A court must consider five factors in determining whether to award attorney's fees in ERISA cases.

> Those factors are: (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of

>attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Martin*, 299 F.3d at 969 n.4 (citing *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984)).

Watson cites *Geissal ex rel. Estate of Geissal v. Moore Medical Corp.*, 338 F.3d 926, 935 (8th Cir. 2003), for the proposition that a plaintiff becomes a prevailing party where a court declares that the defendant's basis for denying benefits was invalid. Watson argues that she is a prevailing party because the Court's December 1, 2008 order "found that the plan administrator failed to adequately review the record in a timely manner." Watson also argues that USAble acted in bad faith, that an award of attorney's fees would have a future deterrent effect in ensuring that plan administrators make timely decisions, and that strong evidence supported Watson's position.

USAble argues that the five factors weigh against awarding attorney's fees. USAble argues that an award of attorney's fees in this case would actually create an incentive for future beneficiaries to refuse to undergo required examinations. USAble states that Watson's case does not benefit other plan participants and does not resolve a significant ERISA question. Finally, USAble contends that Watson's position is without merit because her lawsuit would not have been necessary had she not initially refused to undergo an independent medical examination.

After considering the parties' arguments and weighing the five factors, the Court has determined that an award of attorney's fees is appropriate in this case. As to the first factor, although USAble may not have acted in bad faith, the evidence shows that USAble was largely culpable for the initiation of this action due to its delayed decision making and poor communication with Watson. Watson's claim languished from November 2007 until July 2008 without any action being taken.

3

As to the second factor, USAble is able to pay the attorney's fees.  As to the fourth factor, Watson's lawsuit did not directly seek to benefit all plan participants, nor did it attempt to resolve a significant ERISA legal question.  As to the fifth factor, USAble correctly determined that Watson could not forego an examination without also foregoing her coverage, but the record shows that the examining psychologist would have allowed Watson's husband to be present during the interview following the neuropsychological tests, and USAble failed to communicate this distinction to Watson.  After attempting to resolve the dispute through timely letters of appeal, and after continual and significant delays in response from USAble, Watson commenced this action.  Insofar as the commencement of this action is attributable to USAble's delays in responding and its miscommunications with Watson, Watson's complaint had merit.

As to the third factor, USAble argues that an award of attorney's fees would create an incentive for beneficiaries to forego required examinations, but the Court does not think that an award of attorney's fees here would persuade a beneficiary to refuse a required examination.  For that to happen, the beneficiary would have to conclude that the risk of having benefits terminated for failure to cooperate was outweighed by the possibility that her attorney might be awarded attorney's fees in a future lawsuit if the plan were to terminate benefits and then fail to rule on an appeal in a timely fashion.  It is farfetched to think that a beneficiary would so reason.

However, an award of attorney's fees in this case might deter plan administrators in the future from taking so long to decide an appeal.  After Watson had written a timely letter of appeal on November 7, 2007, USAble informed her that it would take up to forty-five days to make a decision.  Eighty-two days later, on February 5, 2008, Watson's attorney again wrote USAble, which had yet to make a decision.  On March 20, 2008, USAble informed her that it was still looking for a

4

physician that would allow a family member to be present during her examination. When she commenced this action on July 28, 2008, there still had been no decision. If USAble had addressed Watson's appeal in a timely fashion and explained that her husband could be present in the interview following the tests, perhaps Watson's lawsuit would have been unnecessary to resolve this dispute. The Court finds that the third factor weighs in favor of an award of attorney's fees because it may deter USAble and other plan administrators from delaying their decisions on appeal.

"Just what is a reasonable attorney's fee is a matter peculiarly within the district court's discretion." *Greater Kansas City Laborers Pension Fund v. Thummel*, 738 F.2d 926, 931 (8th Cir. 1984). The Eighth Circuit has cited with approval the factors adopted by the Ninth Circuit in *Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1117 (9th Cir. 1979), for determining the reasonableness of attorney's fees awarded under ERISA: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. *See Thummel*, 738 F.2d at 931 (describing the *Seymour* factors as "legitimate factors which in some if not most cases ought to be considered by the district court in deciding what a reasonable fee is"). Although USAble argues that fees shall not be awarded, it agrees that, if fees are awarded, the requested hourly rate and the total number of hours are reasonable. Attorney's fees will be awarded in the amount of $8,520.00, and costs will be awarded in the amount of $190.00, for a total award of $8,710.00.

## CONCLUSION

Plaintiff's motion for fees and costs is GRANTED. Document #23. Plaintiff's motion for final order is GRANTED. Document #27. For the reasons stated, plaintiff is awarded attorney's fees in the amount of $8,520.00 and costs in the amount of $190.00.

IT IS SO ORDERED this 24th day of March, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE